IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PNC BANK NATIONAL ASSOCIATION,

    Plaintiff,

v.

NAVJOT AHLUWALIA,

    Defendant.

No. C -14-0755 EDL

**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S NOTICE OF REMOVAL**

On February 18, 2015, Defendant Navjot Ahluwalia filed a Notice of Removal of the unlawful detainer case filed by Plaintiff against Defendant in Contra Costa County Superior Court on April 11, 2014. As the parties have not yet consented to this Court's jurisdiction, the Court issues this Report and Recommendation and will reassign this case to a district judge. For the reasons set forth below, the Court recommends remanding this matter to state court. Remarkably, this is the *fourth* time that Defendant has improperly removed the same underlying unlawful detainer complaint to this Court. See generally PNC Bank National Association v. Ahluwalia, 14-cv-3086-MMC; PNC Bank National Association v. Ahluwalia, 14-cv-4693-JST; PNC Bank National Association v. Ahluwalia, 14-cv-5672-WHA. Defendant is cautioned that any further attempts to improperly remove this complaint without a proper basis in law may result in sanctions against him, including but not limited to being deemed a vexatious litigant.

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case

shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; see also Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

Defendant argues that removal is proper based on diversity jurisdiction. Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." The notice of removal, however, states that Plaintiff is a California corporation and that Defendant is a resident of California. Therefore, the parties are not diverse. Further, the face of the complaint, which states that the amount demanded in this limited civil case does not exceed $10,000, shows that the jurisdictional minimum has not been met. Therefore, the case was not removable as a diversity action and remand is appropriate.

Although Defendant did not base removal on federal question jurisdiction, the Court notes that federal question jurisdiction does not exist. Where a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove the action to federal district court. See 28 U.S.C. § 1441. A case may be removed pursuant to 28 U.S.C. § 1441 only where a federal question appears on the face of the properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."); see also Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only

when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Here, the face of the complaint, which asserts only one state law claim for unlawful detainer, does not provide any basis for removal. Therefore, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1331 because the complaint, on its face, does not arise under federal law.

Accordingly, the Court recommends remanding this case once again to the Contra Costa County Superior Court. Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: February 20, 2015

ELIZABETH D. LAPORTE
United States Magistrate Judge

3